**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DERWIN RAMON SANCHEZ COLINA,<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Respondents. | No. 4:26-CV-02089<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 24, 2026**

Derwin Ramon Sanchez Colina has been detained for approximately eight and one-half months; for the first month of his detention, the Government refused to provide him with a bond hearing.[1] In December of 2025, Sanchez Colina filed a 28 U.S.C. § 2241 petition with the United States District Court for the Western District of Pennsylvania and, in January of 2026, the Honorable Stephanie L. Haines ordered that Sanchez Colina be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a).[2] Pursuant to that order, on January 29, 2026, an immigration judge ("IJ") held a bond hearing and denied bond for Sanchez Colina.[3]

---

1 *See* Doc. 7.

2 *Sanchez Colina v. Warden*, No. 3:25-CV-00556-SLH-KAP, ECF Nos. 1, 9 (W.D. Pa., Dec. 17, 2025; Jan. 22, 2026).

3 Doc. 7-4.

Sanchez Colina now requests that this Court order him released from custody based upon the excessive duration of his confinement. While the Court is not unsympathetic to Sanchez Colina's situation, the record indicates that he has received the due process to which he is entitled. Sanchez Colina received a bond hearing eight months ago, and while there may be a point at which Sanchez Colina's detention without a second bond hearing will become unnecessarily prolonged, that point has not yet been reached. Consequently, Sanchez Colina's 28 U.S.C. § 2241 petition will be denied.

## I. BACKGROUND

Sanchez Colina is a citizen of the Bolivarian Republic of Venezuela who entered the United States of America in August of 2022 and was thereafter released from ICE custody.[4] On December 2, 2025, Sanchez Colina was arrested by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") after he reported to an ICE facility for a scheduled check-in; he has remained in ICE custody since that date.[5] Sanchez Colina is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[6]

4 *See* Doc. 7-2.
5 *Id.*
6 Doc. 1 at 1.

In December of 2025, Sanchez Colina filed a 28 U.S.C. § 2241 petition in the Western District of Pennsylvania challenging his continued detention without a bond hearing under 8 U.S.C. § 1225(b).[7] Judge Haines held that Sanchez Colina was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and directed the Government to provide him with such a hearing or release him from custody.[8] Seven days later, on January 29, 2026, an Immigration Judge ("IJ") held a bond hearing and denied bond for Sanchez Colina.[9] The IJ's order denying bond is quite cursory, stating only that bond was denied because Sanchez Colina had "failed to show he is not a flight risk."[10]

Shortly thereafter, on February 6, 2026, an IJ issued a final order of removal for Sanchez Colina, which Sanchez Colina did not appeal.[11] However, due to a material change in the circumstances underlying Sanchez Colina's removal, on June 28, 2026, Sanchez Colina's removal proceedings were reopened.[12]

On July 27, 2026, Sanchez Colina filed this 28 U.S.C. § 2241 petition.[13] Sanchez Colina alleges that he has been detained for more than eight months—an unreasonable duration that violates his due process rights—and he therefore must be

---

7 *Sanchez Colina v. Warden*, No. 3:25-CV-00556-SLH-KAP, ECF No. 1 (W.D. Pa., Dec. 17, 2025).
8 *Id.* ECF No. 9.
9 Doc. 7-4.
10 *Id.* at 2.
11 Doc. 1-1 at 6; Doc. 7-5.
12 Doc. 7-6; Doc. 7-7.
13 Doc. 1.

released from ICE custody.[14] He contends that his detention exceeds the mark for a presumptively reasonable length of detention, and that his removal is unlikely in the reasonably foreseeable future.[15]

The Government responds that Sanchez Colina is not constitutionally entitled to a second bond hearing at this time, as he had a bond hearing only months ago.[16] Accordingly, Respondents contend, Sanchez Colina's detention has not become unconstitutionally prolonged.[17] Sanchez Colina has filed two documents in response, rendering this matter ripe for disposition.[18] For the reasons discussed below, the petition will be denied.

## II. DISCUSSION

Sanchez Colina brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[19] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their

---

14 *See* Doc. 1-1.

15 *Id.*

16 Doc. 7 at 13-15.

17 *Id.* Respondents also assert that Sanchez Colina is properly detained without a bond hearing, pursuant to 8 U.S.C. § 1225(b). Doc. 7 at 9-13. However, Respondents' brief in this matter predates the Third Circuit's recent decision in *Buele Morocho*, which clearly forecloses Respondents' argument. *See Buele Morocho v. Warden Phila. FDC*, __ F.4th __, No. 26-1150, 2026 WL 2546223 (3d Cir., Aug. 28, 2026).

18 Docs. 8, 9.

19 28 U.S.C. § 2241(c)(2).

confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[20] Sanchez Colina's claim is therefore properly brought in this petition.

Sanchez Colina argues[21] that his detention has exceeded six months without his removal being likely in the reasonably foreseeable future and, accordingly, he is entitled to release pursuant to *Zadvydas v. Davis*.[22] Federal law provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[23] During the removal period "the Attorney General shall detain the alien."[24] The statute further provides that most individuals "may be detained beyond the removal period."[25]

However, authorizing unlimited detention presents constitutional concerns and, accordingly, in *Zadvydas v. Davis*, the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."[26] The Supreme Court further held that detention of up to six months is presumptively reasonable.[27] The expiration

---

20 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
21 Doc. 1-1.
22 533 U.S. 678 (2001).
23 8 U.S.C. § 1231(a)(1)(A).
24 *Id.* § (a)(2)(A).
25 *Id.* § (a)(6).
26 533 U.S. at 682.
27 *Id.* at 701.

of that six-month period "does not mean that every alien not removed must be released."[28] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[29] Consequently, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[30]

The issue with Sanchez Colina's argument, however, is that he is no longer being held pursuant to a final order of removal.[31] Rather, on June 28, 2026, his final order of removal was revoked and his removal case was reopened.[32] *Zadvydas* is therefore not applicable here.

As to whether Sanchez Colina is entitled to a second bond hearing under § 1226(a), the Third Circuit in *Borbot v. Warden Hudson County Correctional Facility* considered an argument that, after receiving a bond hearing that ended unfavorably, and after "the IJ denied [a] request for a redetermination hearing, about a year into [an individual's] detention, [the individual] was entitled to a second bond hearing, this time with the government bearing the burden of proof."[33] The "sole

---

28 *Id.*
29 *Id.*
30 *Id.*
31 Doc. 7-6; Doc. 7-7.
32 *Id.*
33 906 F.3d 274, 276-77 (3d Cir. 2018).

basis" for the appellant's due process challenge was the duration of his confinement.[34]

The Third Circuit rejected that challenge, finding no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[35] That court distinguished prior cases related to 8 U.S.C. § 1226(c), finding that "the reasonableness inquiry [performed in those cases] is inappropriate in the context of § 1226(a)."[36] In § 1226(c) cases, "due process entitles . . . detainees to a bond hearing at some point, with the exact time varying with the facts of the case," whereas there the appellant "was afforded a prompt bond hearing, as required by § 1226(a) and its implementing regulations."[37]

Given that the individual had been "granted meaningful process prior to filing his habeas petition," there was no due process concern presented in *Borbot*.[38] The Third Circuit, however, noted its concern "that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause."[39] But because the appellant had failed "to identify a basis in the record to demonstrate that this is such a case," it declined

---

34 *Id.* at 276.
35 *Id.* at 277.
36 *Id.* at 278.
37 *Id.*
38 *Id.* at 279.
39 *Id.* at 280.

to decide "decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing."[40]

That language in *Borbot* has led to conflicting decisions within this Circuit as to whether an individual may be entitled to a second bond hearing sooner than the roughly two-year timeframe analyzed in *Borbot*.[41] Even assuming, however, that *German Santos*, rather than *Borbot*, is controlling, Sanchez Colina's claim fails.

In determining whether detention has become unconstitutionally lengthy, the Third Circuit has set forth several factors to consider, including: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[42] When those factors indicate that detention has become unreasonably lengthy, an individual "has a due process right to a bond hearing, at which the Government must justify his continued detention by clear and convincing evidence."[43]

---

40 *Id.*

41 *Compare Onuwa v. Field Off. Dir.*, No. 26-2403 (MAS), 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (holding that, although such claims "may be available in an extreme case, even a two year detention period did not in and of itself warrant relief in light of the procedural mechanisms—including bond appeals and bond redeterminations in the immigration courts—available to section 1226(a) detainees"), *with Kurt v. Soto*, __ F.Supp.3d __, __, No. 26-CV-10238, 2026 WL 2690194, at *4-6 (D.N.J. Sept. 14, 2026) (concluding that *Borbot* does not control and the test employed in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) is applicable to determine whether detention following a first bond hearing has become unconstitutionally prolonged).

42 *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) brackets omitted)).

43 *Id.* at 206.

Sanchez Colina received a bond hearing on January 29, 2026—more than eight months ago.[44] Although this exceeds the minimum baseline of five months set by the Third Circuit in *German Santos*,[45] courts routinely find that detention "for just over a year does not, in itself, amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief."[46] The first factor therefore would weight slightly against granting Sanchez Colina's petition. The second factor likewise weighs against Sanchez Colina's petition. As discussed above, Sanchez Colina's removal order previously became final, and was only recently reopened. This suggests that little would prevent his removal order from quickly becoming final again.

The third factor is neutral, as there is no indication that any delays have been caused by "careless or bad-faith mishaps that [may be held] against the Government" nor any actions that could count against Sanchez Colina.[47] The fourth factor does weigh in Sanchez Colina's favor, as he is housed in Pike County Correctional Facility "alongside convicted criminals . . . [and,] [d]espite its civil label, his detention is indistinguishable from criminal punishment."[48]

---

44 Doc. 7-4.

45 *See Viantsko v. Lowe*, No. 4:26-CV-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026) (timeframe used to determine whether detention has become unduly lengthy "must . . . be tethered to the length of time since a detainee previously received a bond hearing").

46 *Appiah v. Lowe*, No. 3:24-CV-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025) (collecting cases).

47 *German Santos*, 965 F.3d at 212.

48 *Id.* at 213.

A weighing of those factors demonstrates that, even if *German Santos* applies, Sanchez Colina's detention has not yet reached an unconstitutionally prolonged length. Consequently, his § 2241 petition will be denied at this time.

## III. CONCLUSION

For the foregoing reasons, Sanchez Colina's 28 U.S.C. § 2241 petition will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge